## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **VIDEL VICARIO FLORES,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. _____ |
| **CREATIVE STONE, INC. AND DIMITRI S. KELLNER,** | |
| **Defendants.** | |

## COMPLAINT

Pursuant to Fed. R. Civ. P. 7, Plaintiff Videl Vicario Flores ("Flores") brings this Complaint against Defendants Creative Stone, Inc. ("Creative Stone") and Dimitri S. Kellner ("Kellner") and shows the Court as follows:

### *Introduction*

1.

This is a wage and hour case. Defendants are Flores' former employers. Flores brings this action because Defendants failed to pay him the FLSA overtime premium for work performed in excess of forty hours in each work week.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Creative Stone is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Flores resides in Fulton County, Georgia.

5.

At all times material hereto, Flores was an "employee" of Creative Stone as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

Creative Stone is a domestic for profit corporation organized under the laws of the State of Georgia.

7.

At all times material hereto, Creative Stone has been an "employer" of Flores as defined in FLSA § 3(d), 29 U.S.C. §203(d).

8.

Creative Stone is subject to the personal jurisdiction of this Court.

9.

Creative Stone may be served with process through its registered agent Dimitri S. Kellner at 5318 Peachtree Road, Chamblee, Georgia 30341.

10.

Kellner is a resident of DeKalb County, Georgia.

11.

Kellner is subject to the personal jurisdiction of this Court.

12.

Kellner is the CEO, CFO, Secretary, and Registered Agent of Creative Stone.

13.

At all times material hereto, Kellner was an "employer" of Flores as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

14.

At all times material hereto, Flores was an "employee" of Kellner as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

15.

Kellner can be served with process at his residence located at 2894 Redding Road, NE, Brookhaven, Georgia 30319 or wherever he can be found.

### JURISDICTION

16.

During the period from December 20, 2013 until June 8, 2016 ("the Relevant Time Period"), two or more employees of Creative Stone, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: marble, granite, grinding tools, silicone, drills, drill bits, buffers, and other tools necessary for fabricating and installing marble and granite countertops.

17.

At all times during the Relevant Time Period, Defendants employed Flores.

18.

At all times during the Relevant Time Period, Flores was "engaged in commerce" as an employee of Creative Stone as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

19.

During 2013, Creative Stone had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2014, Creative Stone had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2015, Creative Stone had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2016, Creative Stone had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2013, Creative Stone had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2014, Creative Stone had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2015, Creative Stone had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2016, Creative Stone had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2013, Creative Stone had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2014, Creative Stone had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, Creative Stone had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2016, Creative Stone had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

At all times during the Relevant Time Period, Creative Stone has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

32.

At all times during the Relevant Time Period, Creative Stone was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**STATUTORY EMPLOYER ALLEGATIONS**

33.

At all times material hereto, Kellner exercised control over the work activities of Flores.

34.

At all times material hereto, Kellner was involved in the day-to-day operation of Creative Stone.

35.

At all times material hereto, Creative Stone vested Kellner with supervisory authority over Flores.

36.

At all times material hereto, Kellner exercised supervisory authority over Flores.

37.

At all times material hereto, Kellner scheduled Flores' working hours or supervised the scheduling of Flores' working hours.

38.

At all times material hereto, Kellner exercised authority and supervision over Flores' compensation.

**FACTUAL ALLEGATIONS**

39.

Defendants employed Flores as a laborer from approximately 2011 through June 8, 2016.

40.

At all times material hereto, Creative Stone was in the business of fabricating and installing granite and marble counters.

41.

At all times material hereto, Creative Stone compensated Flores on an hourly basis.

42.

At all times material hereto, Creative Stone compensated Flores at a rate of $18.00 per hour.

43.

At all times during the Relevant Time Period, Flores regularly worked 5 days per week, (i.e, Monday through Friday) on behalf and for the benefit of Defendants.

44.

At all times during the Relevant Time Period, Flores worked 10-12 hours each work day.

45.

At all times during the Relevant Time Period, Flores occasionally worked on Saturdays in addition to working Monday through Friday.

46.

At all times during the Relevant Time Period, Flores' duties regularly required that he forego his usual lunch period.

47.

At all times during the Relevant Time Period, Defendants were aware or should have been aware that Flores' duties regularly required that he forego his usual meal period.

48.

At all times during the Relevant Time Period, Defendants failed to completely relieve Flores of all duties during his meal period.

49.

At all times during the Relevant Time Period, Flores's primary duties included installing countertops in kitchens and bathrooms of Defendants' clients' homes.

50.

At all times material hereto, Flores was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

51.

At all times during the Relevant Time Period, the work Flores performed was an integral part of Creative Stone's business.

52.

At all times during the Relevant Time Period, Creative Stone provided instruction to Flores in the particular manner of performing his job that Creative Stone required.

53.

At all times during the Relevant Time Period, Creative Stone provided verbal instructions to Flores as to the specific manner in which he was to perform his duties.

54.

At all times during the Relevant Time Period, Creative Stone required Flores to comply with its verbal instructions as to the specific manner in which he was to perform his duties.

55.

At all times during the Relevant Time Period, Flores' work and services were integrated into Creative Stone's business operations and were important to the success and continuation of Creative Stone's business.

56.

At all times during the Relevant Time Period, Creative Stone required Flores to perform his services for Creative Stone personally and did not permit him to hire, supervise, or pay employees of his own to perform the services that he provided to Creative Stone.

57.

At all times during the Relevant Time Period, Creative Stone determined the order or sequence in which Flores was required to perform tasks.

58.

At all times during the Relevant Time Period, Creative Stone supplied Flores with tools and equipment that Flores utilized in the performance of his duties for Creative Stone.

59.

At all times during the Relevant Time Period, Flores did not make or maintain a significant investment in the equipment that he used in performing his work for Creative Stone.

60.

At all times during the Relevant Time Period, Creative Stone required Flores to clock in at the beginning of each work shift in order to perform duties on behalf of Creative Stone.

61.

At all times during the Relevant Time Period, Creative Stone required Flores to clock out at the end of each work shift.

62.

At all times during the Relevant Time Period, Flores was not able to earn any profit or suffer any loss other than by earning hourly wages for the time he worked for Creative Stone.

63.

At all times during the Relevant Time Period, Creative Stone required that Flores' services be exclusively available to Creative Stone.

64.

At all times during the Relevant Time Period, Creative Stone determined the hours and schedule in which it required Flores to work.

65.

At all times during the Relevant Time Period, Creative Stone required Flores to work full time for Creative Stone.

66.

At all times during the Relevant Time Period, Creative Stone reserved the right to terminate Flores' employment at any time, at its own convenience without incurring any liability except for the work performed and expenses already incurred before the termination.

67.

At all times during the Relevant Time Period, Creative Stone recognized Flores' rights to resign his employment at will.

68.

At all times during the Relevant Time Period, Flores was closely supervised by a Creative Stone supervisor.

69.

At all times during the Relevant Time Period, Creative Stone was aware of the Fair Labor Standards Act requirement that it compensate non-exempt employees at one and one-half times their regular rates for all time that it suffered or permitted them to work more than forty hours in a workweek.

70.

At all times during the Relevant Time Period, Creative Stone classified Flores as an independent contractor.

71.

At all times during the Relevant Time Period, Creative Stone was aware that the facts of Flores' employment circumstances did not meet the standards required for properly classifying workers as independent contractors under federal case law, regulations, and guidelines.

72.

At all times during the Relevant Time Period, Creative Stone was aware that Flores was completely dependent upon Creative Stone for his livelihood.

73.

At all times during the Relevant Time Period, Creative Stone was aware that it exercised control over the terms and conditions of Flores' work.

74.

 At all times during the Relevant Time Period, Creative Stone was aware that, as a matter of economic reality, Flores was an employee within the meaning of the Fair Labor Standards Act.

75.

Creative Stone did not rely on the advice of legal counsel when it classified Flores as an independent contractor rather than as an employee.

76.

Creative Stone did not rely on the advice of legal counsel when it continued to classify Flores as an independent contractor rather than as an employee.

77.

Creative Stone did not rely on any opinion, rule, or regulation propounded by the U.S. Department of Labor when it classified Flores as an independent contractor rather than an employee.

78.

Creative Stone did not rely on any opinion, rule, or regulation propounded by the U.S. Department of Labor when it continued to classify Flores as an independent contractor rather than an employee.

79.

Creative Stone classified Flores as an independent contractor rather as an employee in order to avoid paying him at one-and-one-half times his regular rate for worked in excess of forty hours in a workweek.

80.

Creative Stone willfully classified Flores as an independent contractor rather than as an employee in order to avoid paying him at one-and-one-half times his regular rate for worked in excess of forty hours in a workweek.

## CLAIMS FOR RELIEF
### COUNT ONE

### FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

81.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

82.

At all times material hereto, Flores was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

83.

At all times during his employment with Creative Stone, Flores regularly worked in excess of forty (40) hours each week.

84.

Defendants failed to pay Flores at one and one half times his regular rate for work he performed in excess of forty (40) hours in any week from November 2013 through June 8, 2016.

85.

Defendants willfully failed to pay Flores at one and one half times his regular rate for work in excess of forty (40) hours in any week from November 2013 through June 8, 2016.

86.

Flores is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

87.

As a result of the willful underpayment of overtime compensation as alleged above, Flores is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

88.

As a result of the underpayment of overtime compensation as alleged above, Flores is entitled to his litigation costs, including his reasonable attorney's fees and costs of litigation in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff requests that this Court:

(a)   Award Plaintiff backpay for due but unpaid overtime compensation in an amount to be determined at trial;

(b)   Award Plaintiff liquidated damages in an amount equivalent to his but unpaid overtime compensation;

(c)   Award Plaintiff prejudgment interest on all amounts owed;

(d)   Award Plaintiff his reasonable attorneys' fees and costs of litigation; and

(i)   Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower                                   */s/Charles R. Bridgers*
101 Marietta Street                                        Charles R. Bridgers
Atlanta, Georgia 30303                                Ga. Bar No. 080791
(404) 979-3150                                             Kevin D. Fitzpatrick, Jr.
(404) 979-3170 (f)                                         Ga. Bar No. 262375
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com                  **Counsel for Plaintiff**